**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

YASMEN TUCKER,

      Plaintiff,

v.                                           Case No. 07-CV-14429

WARREN EVANS, et al.,

      Defendants.

                                          /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO EXTEND TIME, MOTION FOR RECONSIDERATION, MOTIONS FOR A CERTIFICATE OF APPEALABILITY AND MOTION TO COMPEL**

On October 18, 2007, Plaintiff Yasmen Tucker brought a *pro se* 42 U.S.C. § 1983 action against Sheriff Warren Evans and the Wayne County Jail alleging various instances of mistreatment during two periods of incarceration. (Compl. at 5.) On September 29, 2008, the court entered an order granting Defendants' motion for summary judgment. On October 10, 2008, Plaintiff timely filed a motion for reconsideration of the court's dismissal order.[1] The court ordered a response, which Defendants filed on November 24, 2008. A hearing is not necessary on the matter. *See* E.D. Mich. LR 7.1(g). For the reasons stated below, the court will deny the motions.

---

[1] The motion also requests that the court extend the time for filing a notice of appeal and grant a certificate of appealability. A certificate of appealability is not needed in actions brought under § 1983 and the time for filing a notice of appeal has been tolled pending resolution of the motion for reconsideration. In any event, Plaintiff timely filed a notice of appeal. *See* Fed. R. App. P. 4. Those requests will therefore be denied as moot.

## I. BACKGROUND

As the court noted in its September 29, 2008 order, Plaintiff's primary allegations are rooted in her rare medical condition, Congenital Adrenal Hyperplasia. (9/29/08 Order at 2.) The condition causes a hormonal imbalance which typically results in females assuming certain male characteristics. Many females afflicted with the condition, including Plaintiff, exhibit ambiguous external genitalia such as an "over-develope[d] clitoris." (*Id.* at 3.) She also developed facial hair that was present during both periods of incarceration. (*Id.*)

Plaintiff initiated this action on October 18, 2007 alleging that Defendants violated her constitutional rights by not housing her with women inmates and by housing her in a cold cell. Defendants filed a motion under Federal Rule of Civil Procedure 56, asserting that Plaintiff could not succeed in her claims. Defendants argued, and the court agreed, that Plaintiff had failed to produce any evidence, or even allege, that she was physically injured or harmed in any way. Nor had Plaintiff produced any evidence sufficient to show Defendants acted with deliberate indifference to any known risk.

Liberally interpreting her *pro se* complaint, as well as her two responses to the summary judgment motion, the court discerned that Plaintiff sought relief based on two periods of incarceration: a pretrial detention from November 9 to 21, 2006 following an arrest for felony firearm possession (*id.* at 2) and an incarceration from March 22 to April 10, 2007, when Plaintiff served part of a sentence on concealed weapons charges (*id.* at 3).

Plaintiff alleged that, during her pretrial detention, she requested a strip search from a female deputy but was ignored; she was housed in the alternative lifestyle ward

reserved for gay and transgender men despite never presenting herself as such; and that there were two male inmates present in the ward while she was housed there. (*Id*. at 2.)  She also claimed that she informed jail staff members of her medical condition and on multiple occasions told them that she was female, but was ignored, and that the jail doctor examined her and told the jail staff that she was female, but she was nevertheless kept in the same ward.  (*Id*.)  Additionally, Plaintiff maintained that she was kept in an unsanitary and dark cell during her detention.  (*Id*.)  Defendants, in response, maintained that her male appearance and "not heterosexual" response to jail intake questions caused personnel to place her in a separate cell for protection.  (*Id*. at 3.)  Defendants conceded that Plaintiff was kept in the alternative lifestyle ward, but asserted that she was always in a separate cell.  (*Id*.)  Plaintiff did not deny that she was detained in a separate cell, nor did she allege any physical injury resulting from her pretrial detention.  (*Id*. at 3.)

Plaintiff alleged that during her sentenced incarceration, she was detained in a cell that was too cold.  (*Id*. at 3.)  Plaintiff claimed no physical injury or assault, although she stated that she was "almost" frostbitten.  (*Id*.)   Again, her complaints revolved around placing her in a separate cell.  Defendants contended, and Plaintiff did not deny, that she was placed in a separate cell for protection.  (*Id*.)

The court carefully considered all of Plaintiff's allegations and assertions in her pleadings and found that they were insufficient to survive Defendants motion.  Accordingly, the court granted Defendants motion on September 29, 2008 and awarded summary judgment to Defendants.  Plaintiff timely filed the instant motion for reconsideration.

## II.  STANDARD

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

## III.  DISCUSSION

The court noted in its September 29, 2008 order that, while there exists *some* disagreement regarding certain events, such as the manner in which Plaintiff presented herself to jail intake officials during both periods of incarceration, no *material* facts were disputed.  (9/29/08 Order at 4.)  As found in the September 29 order, there was no factual dispute that Plaintiff was housed in the alternative lifestyle ward for gay and transgender men or that she was placed in a separate cell throughout both periods of her incarceration.  Further, it was undisputed that although Plaintiff asserted cold and unsanitary conditions in the cell, she did not claim any injury resulting from the conditions.  The focus of Plaintiff's claim was psychological and emotional harm as a result of her confinement in the alternative lifestyle ward.

Plaintiff now asserts additional facts in an attempt to persuade this court that its September 29 order was in error.  Plaintiff claims that she was strip-searched multiple

times by male deputies, "out in the open, not in private." (Pl.'s Mot. at ¶¶ 3-4.) Plaintiff also claims that, although she was housed separately, during the day the cell doors would unlock, giving Plaintiff access to the common area with the other inmates housed in the alternative lifestyle ward. (*Id.* at ¶ 4.) Plaintiff contends that, during the time she was housed in the "capias" unit, she was exposed to "freezing cold weather." (*Id.* at ¶ 5.) Plaintiff further argues that she attempted to explain to an unknown officer that she was female, and that a doctor's examination revealed that she was female. (*Id.* at ¶ 5.) Plaintiff again asserts that Defendants' failure to recognize her gender, despite her assertions, her mother's assertions, legal documentation and the doctor's examination, and their failure to remove her from the alternative lifestyle ward constituted deliberate indifference. (*Id.* at ¶¶ 5-6.)

Finally, Plaintiff contends that her discovery requests would have established deliberate indifference and would have shown that she suffered from psychological abuse. (*Id.* at ¶ 8.)

First, to the extent Plaintiff offers new allegations to further support her claims, the court declines to review evidence which could have been submitted earlier, but was not. *DaimlerChrysler Serv. N. Am., LLC v. Summit Nat., Inc.,* 144 F. App'x 542, 548 (6th Cir. 2005) (finding no error in trial court's decision to deny motion for reconsideration where "[t]he additional evidence before the court in connection with the motion to reconsider was all available to DaimlerChrysler at an earlier time."); *Publishers Res., Inc. v. Walker-Davis Publ'n, Inc.,* 762 F.2d 557 (7th Cir. 1985) (holding that motions for reconsideration "cannot . . . be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment

5

motion."); *Chirco v. Gateway Oaks, LLC,* No. 02-73188, 2006 WL 2056546, *1 (E.D. Mich. July 21, 2006) (same).  The court recognizes Plaintiff's unschooled *pro se* status, but there is a limit to the court's indulgence. It remains true even for a *pro se* litigant that in responding to Defendants' summary judgment motion Plaintiff must carry the burden of showing the existence of an issue of material fact.[2]  Plaintiff was allowed two response briefs, yet she did not specifically refute, let alone produce evidence to refute, Defendants' clearly stated and well-founded arguments in favor of summary judgment. The court will not allow a plaintiff to continuously present more and more detailed allegations with the hindsight benefit of reviewing the court's orders and the accompanying ability to tailor factual allegations in response to it or in avoidance of its implications.  This is particularly true in that Plaintiff has not even sworn to the assertions made in her motion for reconsideration.[3]

---

[2] The moving party must first show the absence of a genuine issue of material fact.  *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  They must put forth enough evidence to show that there exists a genuine issue to be decided at trial.  *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).

[3] Even had she submitted an affidavit, the affidavit would not be allowed where it contradicts earlier assertions.  In the context of responding to summary judgment motions, sworn testimony is not accepted where it contradicts earlier sworn testimony. *Penny v. United Parcel Serv.,* 128 F.3d 408, 415 (6th Cir. 1997) ("We do not consider this affidavit, however, because a party cannot create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially contradicts his earlier deposition testimony.").  If even a *sworn* but contradictory affidavit is to be rejected in the initial response to a summary judgment motion, then certainly *unsworn* assertions conflicting with earlier *unsworn* statements must also be rejected in the even further-removed context of a motion for reconsideration

More fundamentally, though, Plaintiff has not identified a palpable defect the correction of which would result in a different disposition of the case. *See* E.D. Mich. LR 7.1(g). As the court noted in its September 29, 2008 order, two requirements must be met to establish an Eighth Amendment violation. "The deprivation alleged must be, objectively, sufficiently serious" such that the prisoner is exposed to "a substantial risk of serious harm," and the prison official must have a state of mind reflecting a "deliberate indifference to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotations, citations omitted). Deliberate indifference is established "only if [the official] knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Spencer v. Bouchard*, 449 F.3d 721, 729 (6th Cir. 2006) (quoting *Farmer*, 511 U.S. at 847).

The Sixth Circuit analyzes the due process claims of pretrial detainees according to the Supreme Court's Eighth Amendment standard as set forth in *Farmer* and its precedents. *See, e.g.*, *id.* at 729.; *Estate of Harbin v. City of Detroit*, 147 F. App'x 566, 569-70 (6th Cir. 2005); *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001). Accordingly, for a pretrial detainee to have a due process claim regarding the conditions and restrictions of his or her confinement, "the deprivation alleged must be, objectively, sufficiently serious," and "the prison official's state of mind [must be] one of deliberate indifference to inmate health or safety." *Spencer*, 449 F.3d at 727-28 (quoting the Eighth Amendment standard set forth in *Farmer* and applying it to the due process claims of a pretrial detainee "for the sake of simplicity").

The court held in its order granting Defendants' motion for summary judgment

that Plaintiff had failed to establish a genuine issue of material fact that would satisfy the requirements of the Eighth and Fourteenth Amendments. She did not allege a sufficiently serious deprivation nor did she present sufficient evidence to establish that prison officials were deliberately indifferent to her needs. In her motion for reconsideration, she fails to identify any defect in the court's order. The essential problem with Plaintiff's case is that the Supreme Court has held that "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff claims only psychic damages; she cannot establish a violation of the Eighth Amendment without any proof of physical harm. *Adams v. Rockafellow,* 66 F. App'x 584, 586 (6th Cir. 2003). "Title 42 U.S.C. § 1997e(e) precludes any claim by a prisoner 'for mental or emotional injury suffered while in custody without a prior showing of physical injury.'" *Id.* (quoting 42 U.S.C. § 1997(e)). The Sixth Circuit has rejected such claims for psychological damages, holding that "[h]owever legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Wilson v. Yaklich,* 148 F.3d 596, 601 (6th Cir. 1998) (quoting *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996)). [4] Thus, Plaintiff's claims could not survive summary judgment and, on reconsideration, she has failed to identify any palpable defect in this reasoning.

---

[4] For this reason, the fact that Plaintiff sought but did not obtain discovery on her own psychological condition is immaterial and not a sufficient reason to deny summary judgment.

8

Additionally, in Plaintiff's previous responses, the facts she presented were insufficient to show that "the prison official's state of mind [was] one of deliberate indifference to inmate health or safety." *Spencer*, 449 F.3d at 727-28 (quotation omitted).   There was simply no evidence that Defendants acted with the requisite culpable state of mind to violate the Eighth Amendment, nor any evidence that Defendants intended to punish her in violation of the Fourteenth Amendment.  Plaintiff herself alleged that she was "treated inhumanely and unfair considering the fact that I was born with a medical condition that no one understood" (5/14/08 Pl.'s Resp. at 4) and that "no one understood what I was saying about my medical condition" (4/16/08 Pl.'s Resp. at 4.)  Instead, according to Plaintiff, "everyone assumed that I was gay or a transsexual considering myself to be a female." (*Id.* at 3)   As the court previously found, Plaintiff did not submit or allege facts sufficient to prove that Defendants knew that she was a female and intentionally housed her with male inmates.  Plaintiff did not even present facts sufficient to show that Defendants *should have known* she was a female.  Rather, and crucially, Plaintiff admitted that she did not appear to be female. As she herself put it several times, "no one understood."  Plaintiff stated that "[w]hat I appeared to be and what I really am is to [sic] different facts" and "[w]hat I looked like is not what I consider myself to be." (*Id.*)  The court properly found that under these facts, it was not unreasonable, and not a violation of the constitution, for Defendants to house her in a separate cell on the male side of the jail.

Additionally, Plaintiff has failed to identify any palpable defect by which the court was misled when it held that Defendants were entitled to summary judgment on her claim that her cell was too cold.  On reconsideration, she again alleges only generally

9

that her cell was "freezing cold" but she fails to show that a jury could reasonably find a constitutional violation on this claim. In the court's September 29, 2008 order, it set forth the various cases analyzing situations where an inmate was exposed to cold temperatures. (*See* 9/29/08 Order at 13-14). The court found that Plaintiff's case fit into the category of those which found no constitutional violation. The alleged conditions of her confinement did not constitute a sufficiently serious deprivation. She did not advance facts showing either a risk of serious harm or that Defendants acted with deliberate indifference to any known risk. Plaintiff's instant motion does not present any reason to reconsider this conclusion.[5]

Finally, Plaintiff's motion must be denied because it does little more than present the same arguments, with slightly adjusted factual assertions, that were presented in earlier-filed responses. A motion for reconsideration that presents "the same issues already ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## IV. CONCLUSION

IT IS ORDERED that the October 10, 2008 "Motion to Extend Time to File Notice of Appeal, Motion for Reconsideration, [and] . . . Motion for Certificate of Appealability." [Dkt. # 32] is DENIED. The motion for reconsideration is denied for the reasons stated above, the motion for a certificate of appealability is denied as unnecessary and the

---

[5]Nor does Plaintiff present any reason why the court must revisit its conclusion that she failed to present sufficient facts establishing a constitutional violation related to her "unsanitary conditions" claim.

10

motion to extend time is denied as moot because Plaintiff timely filed her notice of appeal.

Because a certificate of appealability is not necessary to appeal an unsuccessful claim under 42 U.S.C. § 1983, IT IS FURTHER ORDERED that Plaintiff's October 27, 2008 motion for a certificate of appealability [Dkt. # 35] is DENIED.

Finally, the motion to compel [Dkt. # 31] is DENIED as moot.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 24, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 24, 2009, by electronic and/or ordinary mail.

 S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522